JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

**Filed On 4/27/12**

| | |
|---|---|
| Case No. F11-00757-HAR | In Chapter 7 |
| In re ELLEN JOY DIERINGER, | |
| Debtor(s) | |
| REX HAMLETT and TERRI HAMLETT, | Adv Proc No F12-90002-HAR |
| Plaintiff(s) | **MEMORANDUM GRANTING SUMMARY JUDGMENT TO PLAINTIFF** |
| v. | |
| ELLEN JOY DIERINGER, | |
| Defendant(s) | |

The matter is resolved against debtor by her admission: "The Debtor, Ellen Joy Dieringer does take fault for not giving written notice why the deposit was taken, . . ."[1]  For the reasons stated in the motion for summary judgment[2] this was all that is needed under the circumstances to establish that there are no material facts in dispute refuting the legal theory set out in the motion. Nondischargeability is therefore established under 11 USC § 523(a)(4).

The bulk of the discussion in the debtor's objection and Hamletts' reply are disputed recriminations that do not effect the court's decision.  That is, though they are disputed facts, these facts are not "material" to the resolution.

---

[1] *Objection to Motion for Summary Judgment By the Court and Appendix in Support*, Docket No. 9, page 2.

[2] Docket No. 8.

If Ms. Dieringer intends to appeal the judgment of nondischargeability which is being entered concurrently with this memorandum, she must file a notice of appeal in 14 days, or file the type of motion which will stop that time from running temporarily (often called a "tolling motion;" a motion for reconsideration is sometimes treated as a tolling motion).

DATED: April 27, 2012

          /s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Rex and Terri Hamlett, π
Ellen Joy Dieringer, ∆
Cheryl Rapp, Adv. Proc. Mgr.

04/27/12

MEMORANDUM GRANTING
SUMMARY JUDGMENT TO PLAINTIFF